**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

November 28, 2023

Kevin Dodson
120 Scofield St.
Apt 1L
Newark, NJ 07106
*Pro Se Plaintiff*

The Honorable Robert Kirsch
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
*Defendant*

Jonathan Carrillo, Esq.
Littler Mendelson, P.C.
One Newark Center, 8th Floor
1085 Raymond Boulevard
Newark, NJ 07102
*Defendants*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

Re: *Dodson v. United States District Court, District of New Jersey, et al.*,
    Civil Action No. 23-22433 (SDW) (MAH)

Litigants:

This matter comes before the Court upon *pro se* Plaintiff Kevin Dodson's ("Plaintiff") filing of a Complaint and an application to proceed *in forma pauperis* ("IFP Application"). (D.E. 1.)

Because the Complaint names United States District Judge Robert Kirsch as a defendant, this Court will screen the claims against Judge Kirsch pursuant to Local Civil Rule 40.1(g) to determine if "the suit is patently frivolous, or judicial immunity plainly applies." This Court will

review Plaintiff's other claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure ("Rule") 8(a) to determine whether they should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because they seek monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, Plaintiff's claims will be dismissed with prejudice and his IFP Application will be denied without prejudice.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On November 13, 2023, Plaintiff filed the instant suit against United States District Court, District of New Jersey, Judge Kirsch, Jonathan Carrillo, Esq., and Littler Mendelson, P.C.  (D.E. 1 at 2.)  The Complaint does not indicate what federal constitutional, statutory, or treaty right was violated by Defendants and instead states that the basis for federal jurisdiction is "misconduct, unfair discrimination, false statements, gross misconduct, [and] fraud."  (Id. at 2.)

The Complaint appears to have arisen from Plaintiff's dissatisfaction with Judge Kirsch's dismissal of Plaintiff's lawsuit in *Dodson v. Sunny Delight Beverages Co.* et al., No. 23-224 ("*Sunny Delight* action"), a separate civil action filed by Plaintiff in this District's Trenton Vicinage.  Defendants Carrillo and Littler Mendelson represented Defendants in that action.

Here, Plaintiff alleges the following:

> Judge Robert Kirsch dismissed settlement conference [sic] lawsuit against Manpower-Recruiter in Edison[,] [N.J.] and Sunny Delight Beverages Co[.] in Dayton[,] [N.J.] on a misconduct out of Brunswick[,] [N.J.], which makes this application a gross misconduct.  Judge Robert Kirsch did a gross misconduct on case # MID-L-002914-22[1] and case # 3:23-cv-00224-RK-TJB and defended Jonathan Carrillo cause [sic] he said he knew him.

(Id. at 3.)  Plaintiff also alleges that he sustained the following injuries: "sad, weakness, headache, depression, lost appetite, upset, disgusted, embarrassed, and treated myself with Motrin and Tylenol and ate food the next day"; and he seeks "justice for the gross misconduct" and "quadrillion dollars" from each Defendant.  (Id. at 4.)

II.   LEGAL STANDARDS

A. Local Rule 40.1(g)

This matter is before this Court pursuant to Local Civil Rule 40.1(g) because Plaintiff names a District Court judge as a defendant.  Local Civil Rule 40.1(g) provides that in any case in which a judge is named as a defendant, the case "shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station."  Loc. Civ. R. 40.1(g).  The rule further provides that "if the assignee Judge determines that the suit is patently frivolous, or if judicial immunity is plainly applicable, the assignee Judge need not

---

[1] The *Sunny Delight* action was originally filed by Dodson in the New Jersey Superior Court under case number MID-L-2914-22 before it was removed to this District.  *See Sunny Delight*, No. 23-224, D.E. 1 (D.N.J. Jan. 17, 2023).

recuse." *Id*. If the matter is not frivolous or judicial immunity is not plainly applicable, however, "the assignee Judge is disqualified and shall refer the matter to the Chief Judge for assignment outside of the District of New Jersey." *Id.*

### B. 28 U.S.C. § 1915€(2)(B)

A district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), €(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

The legal standard for failure to state a claim under 28 U.S.C. § 1915€(2)(B) is the same as that applied under Rule 12(b)(6). *See Shorter*, 12 F.4th at 371. *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8€.

However, a *pro se* complaint must still comply with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555.

### III. DISCUSSION

On this Court's *sua sponte* review of the Complaint, Plaintiff's claims must be dismissed with prejudice. First, Plaintiff's claims against Judge Kirsch are patently frivolous and barred by the doctrine of judicial immunity.[2] Second, Plaintiff has not stated a claim upon which relief may be granted against Defendants Carrillo and Littler Mendelson, P.C. Third, Plaintiff's IFP Application is denied without prejudice for failure to provide sufficient information to demonstrate that he is unable to pay the filing fee.

### A. Judicial Immunity

---

[2] Plaintiff also named the United States District Court, District of New Jersey as a defendant. Even if the District Court could be sued, which it cannot in this circumstance because of judicial immunity, *see Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents has found that judges and the judiciary are immune from suit), Plaintiff has failed to plead any plausible connection between this District Court and plaintiff's claims. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Under the doctrine of judicial immunity, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir.2006)). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireless*, 502 U.S. at 11; *see also Forrester v. White*, 484 U.S. 219, 225 (1988) ("[J]udicial immunity also protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Azubuko*, 443 F.3d at 303 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).

The Supreme Court has, however, identified two exceptions to this rule. "First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12. To determine whether an act is judicial, courts look to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

Plaintiff's allegations against Judge Kirsch relate only to judicial acts taken in his capacity as a United States District Court Judge in the *Sunny Delight* action. According to Judge Kirsch's dismissal order, Dodson commenced a lawsuit seeking damages of 900 trillion dollars alleging that Defendants were late in paying him two-weeks' worth of wages. *See Sunny Delight*, No. 23-224, D.E. 19 at 1 (D.N.J. Sept. 1, 2023). Judge Kirsch held a settlement conference with the parties on August 31, 2023, where Dodson appeared *pro se* and confirmed that he was paid in full by Defendants albeit one or two weeks following his work for them. *Id.* at 1–2. Based on the parties' written submissions and representations at the settlement conference, Judge Kirsch dismissed Plaintiff's case after finding that he failed to state a claim under the New Jersey Wage Payment Leave Act and that his proposed amendment to the complaint would be futile.[3]

Plaintiff has not pled any facts to show that Judge Kirsch's actions in granting a motion to dismiss Plaintiff's complaint were non-judicial or taken in the absence of jurisdiction. Accordingly, Plaintiff's claims against Judge Kirsch will be dismissed with prejudice.

### B. Failure to State a Claim upon which Relief May be Granted

Because Plaintiff seeks a waiver of the filing fee for the Complaint, this Court is required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[3] A litigant aggrieved by the District Court's final decision may appeal that decision to the Court of Appeals. *See* 28 U.S.C. § 1291; *Rhoads v. Ford Motor Co.*, 514 F.2d 931, 934 (3d Cir. 1975).

4

Turning to the allegations against Defendants Carrillo and Littler Mendelson, P.C., the facts alleged in Plaintiff's *pro se* Complaint are insufficient to state a claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that Defendants violated his rights. *Ashcroft*, 556 U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2). Plaintiff's legal conclusions of "misconduct, unfair discrimination, false statements, gross misconduct, [and] fraud" are not accepted as true, and he has not presented facts to support those claims. (D.E. 1 at 2); *see Iqbal*, 556 U.S. at 678. Without more, these allegations fail to state a claim upon which relief may be granted and must be dismissed.

### C. Plaintiff's IFP Application

Plaintiff's IFP Application indicates that Plaintiff receives no monthly income, owns no assets, and has zero dollars in his bank account. (D.E. 1-1 at 1–3.) At the same time, Plaintiff also reports receiving over one thousand dollars in monthly employment income in February 2023, which is inconsistent with his representation of having received no monthly income for the past twelve months. (Id. at 2.)

In addition, Plaintiff states that he has a girlfriend, a son, and a daughter who rely on him for support, and that he incurs about $2,500 in monthly expenses, including $300 for food, $2,000 for clothing, $60 for laundry and dry-cleaning, $20 for transportation, and $100 for alimony. (Id. at 3–4.) Despite these representations, Plaintiff fails to provide a detailed statement in support of his reported income and expenses. Therefore, Plaintiff's IFP application is denied without prejudice.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** and his IFP Application is **DENIED WITHOUT PREJUDICE**. An appropriate order follows.

                                                                   /s/ Susan D. Wigenton
                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Michael A. Hammer, U.S.M.J.